**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00890-SRW |
| | ) | |
| MODOC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to proceed in forma pauperis.[1] Having reviewed plaintiff's extensive prior filings in federal court, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion and dismiss his complaint without prejudice to the filing of a fully paid complaint. *See* 28 U.S.C. § 1915(g).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri.[2] On September 3, 2020, he began filing civil actions in the United States District Court for the Eastern District of Missouri, each time seeking leave to

---

[1] Plaintiff has not filed a separate motion for leave to proceed in forma pauperis nor paid the filing fee. Instead, in the body of his complaint, he states: "Application to proceed in District Court without prepaying fees or cost[s]. I only get $5.00 dollars [a] month." The Court has construed this portion of the complaint as a motion for leave to commence this civil action without prepayment of the required filing fee.

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, is being held at a state correctional facility, and is suing the Missouri Department of Corrections. Moreover, review of the Department of Corrections' online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

proceed in forma pauperis. Plaintiff's first case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was dismissed on December 14, 2020, due to plaintiff's failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN (E.D. Mo. Dec. 14, 2020). Subsequently, plaintiff began filing prisoner civil rights complaints under 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, stating that he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff sued numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and often nonsensical allegations. *See, e.g., Engel v. Corizon, et al.*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); and *Engel v. CO1, et al.*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name).

Plaintiff often sought forms of relief that were unrelated to his claims, requesting stocks, properties, outfitted luxury vehicles, and college scholarships from both parties and non-parties. *See, e.g., Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus, et al.*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). He also sought relief on behalf of individuals other than himself. *See, e.g., Engel v. CO1, et al.*, No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"). Plaintiff repeatedly referred to – and appeared to partially base his entitlement

to relief upon – his status as a "sovereign citizen." *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Oct. 7, 2020).

Because plaintiff was proceeding in forma pauperis, his cases were reviewed under 28 U.S.C. § 1915. Based on those reviews, plaintiff's cases were dismissed, either for one of the reasons articulated within § 1915(e)(2)(B),[3] or because plaintiff failed to comply with Court orders.

In *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed in forma pauperis, as well as potentially subject him to sanctions. Despite this warning, plaintiff continued the practice.

As of December 31, 2020, plaintiff had filed more than 130 civil actions. By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff was denied leave to proceed in forma pauperis without prejudice to him filing a fully paid complaint. In addition to the numerous cases filed by plaintiff, the Court has received civil actions filed by prisoners other than plaintiff, but which were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those plaintiff asserted in actions on his own behalf. *See, e.g., Herron v. ERDCC, et al.*, No. 4:21-cv-527-NAB (E.D. Mo. May 3, 2021).

---

[3] For example, in many of plaintiff's actions, the Court found that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). It was determined that many of his complaints were also subject to dismissal as malicious, based upon the nature of his pleadings and his abusive litigation practices. *See, e.g., Engel v. Prob. & Parole of Mo., et al.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing twenty-nine of plaintiff's cases in which the Missouri Department of Corrections was named as a defendant); and *Engel v. Corizon, et al.*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing plaintiff's litigation practices as part of an attempt to harass named defendants, and a not a legitimate attempt to vindicate a cognizable right).

On June 9, 2021, after a pause in filings, plaintiff once again began submitting 42 U.S.C. § 1983 actions on his own behalf. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded the Court's prior warning to avoid engaging in abusive litigation practices. As of the date of this order, he has filed approximately 160 cases in total.

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. He names the Missouri Department of Corrections (MODOC) as the sole defendant. The complaint is handwritten, not on a Court form, and consists of a single page.

The entirety of plaintiff's "Statement of Claim" consists of the following: "This is in regards to MODOC taking my right to smoke over one person when [there] is a thousand other inmates to take into account for[,] not to mention all the money MODOC lost over it[.] [W]e have the right to smoke." (Docket No. 1 at 1).

Because of the alleged violation of his right to smoke, plaintiff states that he has suffered unspecified injuries to his civil rights, civil liberty rights, and prisoner rights. He is seeking $650 billion in damages.

## Discussion

Plaintiff is a self-represented litigant who seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, while he has been incarcerated, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to the refiling of a fully paid complaint.

### A.  28 U.S.C. § 1915(g)

4

The Prison Litigation Reform Act "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id*. at 1765. For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

**B.  Plaintiff's Previous "Strikes"**

All told, plaintiff has filed approximately 160 cases in the United States District Court for the Eastern District of Missouri. Most of these have been dismissed for frivolity, maliciousness, or failure to state a claim. *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D.

Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020). These three strikes, and many more, occurred before the filing of the instant action.

Due to the numerous pre-service dismissals plaintiff has accumulated, this Court has determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g), and has denied him leave to proceed in forma pauperis. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-cv-1941-DDN (E.D. Mo. Jan. 27, 2021). Additionally, the United States Court of Appeals for the Eighth Circuit has also determined that plaintiff is a three-striker. *See, e.g., Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating that "[t]his court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

### C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* With regard to pleading requirements, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

In this case, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. They do not, in point of fact, establish the risk of any injury whatsoever, serious or otherwise. To the contrary, plaintiff's whole "Statement of Claim" consists of the broad, unsupported, and legally dubious proposition that he has a "right to smoke" while incarcerated. Nothing about this claim implicates plaintiff's physical well-being, or even hints at a risk of injury, much less one that is imminent. Because plaintiff has not shown that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

### D. Abusive Litigation Advisory

Since plaintiff has accumulated far more than the three strikes allowed by 28 U.S.C. § 1915(g), his request for leave to proceed in forma pauperis will be denied without prejudice to the refiling of a fully paid complaint. Additionally, the Court will instruct the Clerk of Court to request the agency having custody of plaintiff to begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and he is cautioned to avoid such practices in the future. For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of August, 2021.